**Arnold D. GREEN, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 03–7123.

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 3, 2003.

Before CLEVENGER, RADER, and SCHALL, Circuit Judges.

CLEVENGER, Circuit Judge.

*ORDER*

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Arnold D. Green's appeal for lack of jurisdiction. Green has not responded.

Green appealed to the United States Court of Appeals for Veterans Claims from an April 27, 2000 decision of the Board of Veterans' Appeals wherein the Board de-termined there was no clear and unmistakable error (CUE) in a July 1983 Board decision denying his claim for a rating of total disability based on individual unemployability. Green argued that the Board committed CUE by failing to consider a 1981 Social Security Administration (SSA) decision. The Court of Appeals for Veterans Claims concluded that the record on appeal yielded "no evidence that the August 1981 SSA decision was of record at the time of the July 1983 [Board] decision." The Court of Appeals for Veterans Claims held that the Board's CUE decision was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," and was supported by an adequate statement of reasons or bases. 38 U.S.C. §§ 7261(a)(30)(A), 7104(d)(1).

Additionally, for the first time on appeal, Green argued before the Court of Appeals for Veterans Claims that the Board committed CUE in failing to apply certain regulations correctly in adjudicating his claim. The Court of Appeals for Veterans Claims held, "[b]ecause there is no Board decision on this allegation of CUE, it is not properly before the Court," citing 38 U.S.C. § 7252(a) and *Andre v. Principi*, 301 F.3d 1354, 1361 (Fed.Cir.2002) ("[E]ach 'specific' assertion of CUE constitutes a claim that must be the subject of a decision by the [Board] before the Veterans Court can exercise jurisdiction over it."). The Court of Appeals for Veterans Claims affirmed the Board's décision and Green appealed.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Green's appeal does not satisfy any of the grounds for invoking this court's jurisdiction. The Court of Appeals for Veterans Claims' decision did not address or otherwise depend on any issue of validity or

interpretation of any statute or regulation, nor did Green properly raise any argument concerning the validity or interpretation of any such provision. Further, Green fails to raise any clear or genuine constitutional issue.

In his brief, Green states that he has been denied due process because the Court of Appeals for Veterans Claims "chose to rely" on the Board's decision that the 1981 SSA decision "was not received by VA until July 23, 1984," instead of finding that the SSA decision had been received on an earlier date. In essence, Green only challenges the Court of Appeals for Veterans Claims factual determinations and application of the law to the facts. Such matters are clearly outside our jurisdiction. 38 U.S.C. § 7292(d)(2). As we explained in *Helfer v. West*, 174 F.3d 1332, 1335 (Fed.Cir.1999), to the extent appellants simply put a "due process" label on contentions that they should have prevailed on their claims, the claim is "constitutional in name only." "The characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Id.*

The only genuine issues on appeal pertain to the Court of Appeals for Veterans Claim's factual determinations and applications of the law to the facts. Thus, pursuant to 38 U.S.C. § 7292(d)(2), Green's appeal is not within this court's jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.