ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Robert L. Jackson’s appeal of the decision of the Court of Appeals for Veterans Claims, Jackson v. Principi, 18 Vet.App. 463 (Vet.App.2003), for lack of jurisdiction. Jackson opposes. The Secretary replies. Jackson submits a surreply, which the court treats as a motion for leave to file a surreply.*
Jackson appealed to the United States Court of Appeals for Veterans Claims from a February 29, 2000 decision of the Board of Veterans’ Appeals that determined there was no clear and unmistakable error (CUE) in (1) a 1966 regional office (RO) decision that granted his service connection claim for psychiatric disability, assigning a 10 percent disability rating, but did not consider service connection for varicose veins; (2) a June 1987 RO decision that did not increase his psychiatric disability rating above 30 percent; and (3) a March 1994 RO decision that found CUE in a 1993 RO decision. The Court of Appeals for Veterans Claims only considered allegations of CUE in the 1966 RO decision because Jackson’s brief and response contained “no discernable argument with respect to the Board’s determinations that the 1987 and 1994 RO decisions were not the products of CUE[J”
On appeal from the Board’s decision, the Court of Appeals for Veterans Claims considered the following claims asserted by Jackson: (1) The April 1966 RO decision contained CUE because pursuant to 38 U.S.C. § 1137 and 38 C.F.R. § 4.131 his psychiatric disability should have been rated at 50 percent; (2) the April 1966 RO decision did not award service connection for varicose veins and the Department of Veterans Affairs (VA) “used altered service records for more than 30 years to deprive [him of] compensation[;]” (3) the RO failed to adjudicate a 1978 claim for a rating based on total disability based on individual unemployability (TDIU); and (4) the VA committed grave procedural error and breached its duty to assist.
With regard to the issues raised, the Court of Appeals for Veterans Claims concluded that:
As an initial matter, to the extent that the appellant is arguing that VA committed grave procedural error that renders the prior RO decisions non-final, the Court notes that the United States Court of Appeals for the Federal Circuit has eliminated grave procedural error as a means to vitiate the finality of a prior decision. See Cook v. Principi, 318 F.3d 1334, 1341 (Fed.Cir.2002) (en banc) (holding that grave procedural error cannot render decision of VA non-final). *56 Thus, the Court will not further address those arguments. In addition, to the extent that the appellant contends that VA breached its duty to assist, the Court notes that VA’s failure to fulfill its duty to assist does not rise to the level of CUE. See Cook, 318 F.3d at 1344-47.
Turning to the appellant’s arguments regarding CUE in the 1966 RO decision, the Court notes that his argument regarding § 4.131 appears unavailing because he has not pointed to any evidence extant at the time of the 1966 RO decision that demonstrates that his “mental disorder ha[d its] onset as an incident of battle or enemy action, or following bombing, shipwreck, imprisonment, exhaustion, or prolonged operational fatigue.” 38 C.F.R. § 4.131 (1965).... Although it is unclear for what proposition the appellant cites to 38 U.S.C. § 1137 ..., the Court notes that the statute would have no bearing on the issue of a rating in excess of 10% for his service-connected mental disorder. See 38 U.S.C. § 1137 (extending wartime service presumptions of 38 U.S.C. §§ 1111, 1112, and 1113 to post-1946 peacetime service).
The Court of Appeals for Veterans Claims rejected Jackson’s argument that the April 1966 RO decision committed CUE in failing to award him service connection for varicose veins because, among other things, “there is no evidence of record that the appellant filed a claim for service connection for bilateral varicose veins at any time prior to the 1966 RO decision.” Finally, the Court of Appeals for Veterans Claims determined that “because appellant did not raise his arguments regarding a pending unadjudicated claim for a rating of TDIU before the Board ... and because the issue of CUE in the 1978 RO decision has not been the subject of a [Board] decision, those arguments are not properly before the Court.” Citing Andre v. Principi, 301 F.3d 1354, 1361-62 (Fed.Cir.2002). The Court of Appeals for Veterans Claims affirmed the Board’s decision of no CUE. Jackson appeals.
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
Jackson’s appeal does not satisfy any of the grounds for invoking this court’s jurisdiction. In his response, Jackson raises numerous issues that were not raised before the Board or the Court of Appeals for Veterans Claims and these issues do not relate to the CUE decision on appeal challenging the April 1966 RO decision. In his informal brief, Jackson makes vague allegations of constitutional issues, including that he “did not receive equity under Article III” of the Constitution. As we explained in Helfer v. West, 174 F.3d 1332, 1335 (Fed.Cir.1999), “[t]he characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.” Additionally, Jackson appears to raise issues, arguably constitutional in nature, that were not “presented and necessary” to the decision on appeal. See 38 U.S.C. § 7292(c). Jackson further states that the Court of Appeals for Veterans Claims misinterpreted 38 U.S.C. § 1137 and 38 C.F.R. § 4.131. However, the record shows that the decision simply applied these provisions to the facts and found that they did not apply.
The Court of Appeals for Veterans Claims factual determinations pertaining *57 to the sufficiency of Jackson’s CUE claim or application of the law of CUE to the facts are not within our jurisdiction. In these circumstances, this court lacks jurisdiction to review Jackson’s appeal. See 38 U.S.C. § 7292(d).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.

 The motion is granted.