NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7304

FRANK E. SHELDON,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Todd Hettenbach, Wilmer Cutler Pickering Hale and Dorr LLP, of Washington, DC, argued for claimant-appellant. With him on the brief was Edward C. DuMont. Of counsel was Barton F. Stichman, National Veterans Legal Services, of Washington, DC.

Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Jeffrey S. Bucholtz, Acting Attorney Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Ethan G. Kalett, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7304

FRANK E. SHELDON,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-0119, Chief Judge William P. Greene, Jr.

_____

DECIDED:   June 17, 2008

_____

Before MAYER, SCHALL, and LINN, <u>Circuit Judges</u>.

SCHALL, <u>Circuit Judge</u>.

## DECISION

Frank E. Sheldon appeals the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") which sustained the decision of the Board of Veterans' Appeals ("Board") determining that there was no clear and

unmistakable error ("CUE") in three separate 1947 Department of Veterans Affairs ("VA") regional office ("RO") decisions.  The three decisions denied Mr. Sheldon's claim of service connection for disability of the left arm and hand.  At the same time, the Veterans Court dismissed without prejudice for lack of jurisdiction what it described as Mr. Sheldon's "CUE motions" regarding the RO's 1947 application of extant law.  Sheldon v. Peake, No. 05-0119, 2007 WL 1597986, at *3 (May 31, 2007).  The result of the court's decision was an affirmance of the Board's decision that Mr. Sheldon was not entitled to an effective date earlier than April of 2003 for his disability.

On appeal, Mr. Sheldon argues that the Veterans Court erred when it concluded that the RO decisions were based on a weighing of the facts when, according to Mr. Sheldon, the relevant facts were "completely one-sided" in his favor.  He also argues that the Veterans Court erred when it dismissed his argument that the 1947 RO decisions were tainted by CUE because they misapplied extant regulations governing service connection.  Because Mr. Sheldon's first argument is beyond the scope of our jurisdiction, we do not consider it.  Exercising jurisdiction over his second argument, however, we conclude that the Veterans Court erred when it dismissed his "CUE motions."  We therefore reverse the decision of the Veterans Court on that point and remand the case to the court so that it may consider Mr. Sheldon's argument that the 1947 RO decisions misapplied extant regulations governing service connection.

DISCUSSION

I.

Our jurisdiction to review decisions of the Veterans Court is limited.  Specifically, absent a constitutional issue, we are without jurisdiction to review a factual

determination or an application of law to the facts of a particular case. Moody v. Principi, 360 F.3d 1306, 1310 (Fed.Cir 2004). It is for this reason that we lack jurisdiction to consider Mr. Sheldon's argument that the Veterans Court erred when it concluded that the 1947 RO decisions were based on a weighing of the facts. As noted, Mr. Sheldon bases this argument on the contention that there could be no weighing of the facts because the relevant facts were "completely one-sided" in his favor. This argument is beyond the scope of our jurisdiction. That is because it plainly involves a challenge to the factual determinations of the Board, as affirmed by the Veterans Court. Thus, we may not consider the argument.

II.

Mr. Sheldon also argues on appeal that the Veterans Court erred when it dismissed for lack of jurisdiction his argument that an April 1947 RO rating decision and RO decisions in July and December of 1947 confirming the April decision were tainted by CUE because they misapplied extant regulations governing service connection. Mr. Sheldon contended before the court that the 1947 decisions were in error because, instead of following regulations that required him to show that his disability was "incurred" in service, the RO rejected his claim on the ground that his disability was not "demonstrated," or did not manifest itself, during his period of service. As seen, the Veterans Court described this argument as being embodied in Mr. Sheldon's "CUE motions." This argument we do have jurisdiction to consider. That is because the argument concerns the Veterans Court's interpretation of its jurisdictional statute, 38 U.S.C. § 7252(a). Andre v. Principi, 301 F.3d 1354, 1358 (Fed.Cir. 2002). We review legal issues, including whether the Veterans Court properly declined to exercise

jurisdiction under section 7252(a), without deference. <u>Maggitt v. West</u>, 202 F.3d 1370, 1374 (Fed.Cir. 2000).

In dismissing the "CUE motions," the Veterans Court relied upon <u>Andre</u>. In so doing, the court stated that Mr. Sheldon's assertion concerning the extant law in 1947 was an entirely distinct CUE theory from that which was presented to and adjudicated by the RO and the Board, and that the Board's decision contained no discussion of the law of service connection extant at the time of the RO decisions in 1947. <u>Sheldon</u>, 2007 WL 1597986, at *2. In <u>Andre</u>, we noted that, in order for the Veterans Court to review the denial of a CUE claim, there must be a decision of the Board on the specific CUE issue. 301 F.3d at 1361. We stated: "[E]ach 'specific' assertion of CUE constitutes a claim that must be the subject of a decision by the [Board] before the Veterans Court can exercise jurisdiction . . . ." <u>Id.</u>

Having reviewed the record before us, we are unable to say that the Veterans Court did not have jurisdiction to consider Mr. Sheldon's argument that there was CUE in the 1947 RO decisions because they misapplied extant regulations governing service connection. It is true that, in his submission before the Board, Mr. Sheldon did not mention the 1947 version of the regulation currently found at 38 C.F.R. § 3.303 or Veterans Administration Technical Bulletin 8-43, a predecessor to section 3.303. Nevertheless, we think that the argument he made before the Board ("All the evidence necessary to grant my claim in 1947 was in the VA claims folder. . . . There was no plausible basis for the finding that the condition was not service-connected.") necessarily was premised upon the long-standing governing principle—stated in the 1947 regulation—that in order to establish service connection for a disability, a veteran

had to demonstrate that the disability "was incurred coincident with service in the Armed Forces."  This, coupled with the Board's statement that "[a]n April 1947 rating decision and decisions in July and December 1947 confirming the April 1947 rating decision . . . were consistent with the law and regulations then in effect," In re Sheldon, No. 04-31-092, slip op. at 2 (Bd. Vet. App. Jan. 4, 2005), leads us to conclude that Mr. Sheldon did not advance a new CUE claim when he argued before the Veterans Court that the 1947 RO decisions were contrary to extant regulations.

III.

For the foregoing reasons, we conclude that the Veterans Court erred in dismissing without prejudice for lack of jurisdiction what the court described as Mr. Sheldon's "CUE motions."  The decision of the court dismissing the "CUE motions" is therefore reversed.  The case is remanded to the court so that it may consider and adjudicate Mr. Sheldon's claim that the April, July, and December 1947 RO decisions were tainted by CUE because they misapplied extant law governing service connection.