NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7056

NORMAN B. CALVERT,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Norman B. Calvert, of Dannemora, New York, pro se.

Joseph A. Pixley, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Donald L. Ivers

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7056

NORMAN B. CALVERT

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-3198, Judge Donald L. Ivers.

_____

DECIDED:    July 18, 2008

_____

Before DYK, PROST, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Claimant-appellant Norman B. Calvert ("Calvert") appeals a final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") in <u>Calvert v. Mansfield</u>, No. 06-3198 (Vet. App. Oct. 15, 2007), affirming a decision by the Department of Veterans Affairs ("VA") that Calvert was not competent to handle disbursement of funds.  We <u>vacate and remand</u>.

BACKGROUND

Calvert served on active duty in the United States Army from September 1961 to July 1964, and from September 1964 to February 1968.  In January 2003, a VA examiner diagnosed Calvert with bipolar disorder.   In February 2003, a VA regional

office ("RO") awarded service connection for bipolar disorder and assigned Calvert a disability rating of 100%, effective May 27, 1986. The RO proposed that Calvert be found incompetent and that a fiduciary be appointed on his behalf.

In a letter dated May 27, 2003 ("notification letter"), the VA notified Calvert of this proposed incompetency determination and of his right to submit evidence or request a hearing. On June 23, 2003, the RO sent another letter to Calvert informing him that a hearing was scheduled for July 25, 2003 – 59 days after the date of the notification letter. At the July 25, 2003, hearing, Frank E. Allen, Esq. ("Allen") appeared on behalf of Calvert, who was at the time incarcerated. Allen agreed that Calvert was incompetent and requested that he (Allen) be appointed as Calvert's fiduciary. On August 4, 2003 – 69 days following the notification letter – the RO found Calvert not competent to handle disbursement of VA funds and, in a separate document, appointed Allen as his fiduciary. As a result of this appointment, Allen will receive 4% of Calvert's ongoing benefit payments for his service as fiduciary, in addition to 20% of Calvert's retroactive benefits to be paid as attorney's fees.

Calvert appealed the August 4, 2003, incompetency decision to the Board of Veterans' Appeals ("Board") and at the same time filed a petition for mandamus relief with the Veterans Court. The Veterans Court dismissed Calvert's mandamus petition in August 2005. Calvert v. Nicholson, No. 05-1163 (Aug. 16, 2005). On October 2, 2006, the Board affirmed the RO decision, finding Calvert not competent to handle VA funds. Allen was again listed as Calvert's representative on his appeal to the Board.

Calvert, appearing pro se, appealed the Board's decision to the Veterans Court. The Veterans Court concluded that the Board's finding that Calvert was incompetent

was not clearly erroneous.  It also rejected Calvert's argument that the VA provided insufficient notice of the July 25, 2003, hearing.

Calvert filed a motion with the Veterans Court for a panel decision.  On December 20, 2007, the Veterans Court denied this motion and entered final judgment on the case.  Calvert timely appealed to this court, and we have jurisdiction pursuant to 38 U.S.C. § 7292(a).

## DISCUSSION

This court has jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision."  38 U.S.C. § 7292(a).  Specifically, we have jurisdiction to "decide all relevant questions of law, including interpreting constitutional and statutory provisions."  Id. § 7292(d)(1).  However, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."  Id. § 7292(d)(2).

Calvert argues that the VA did not provide sufficient notice of the July 25, 2003, hearing as required by 38 C.F.R. § 3.103(b)(2):

> Advance notice and opportunity for hearing. Except as otherwise provided in paragraph (b)(3) of this section, no award of compensation . . . shall be terminated, reduced or otherwise adversely affected unless the beneficiary has been notified of such adverse action and has been provided a period of 60 days in which to submit evidence for the purpose of showing that the adverse action should not be taken.

38 C.F.R. § 3.103(b)(2) (emphases added).

Calvert argues that he was entitled at least 60 days from the date of the notice letter to prepare for the hearing. The Veterans Court found that this "argument is not

supported by legal precedent or by the plain meaning of the regulation. Therefore, the appellant's argument is not persuasive." J.A. at 3 (internal citation omitted).

The interpretation of regulatory language is a question of law that we review de novo. See Andre v. Principi, 301 F.3d 1354, 1358 (Fed. Cir. 2002). The plain meaning of 38 C.F.R. § 3.103(b)(2) is to provide the beneficiary with 60 days in which to request a hearing and present evidence before adverse action is taken. The 60 day notice requirement thus relates to the adverse action itself, not to the eventual scheduled date of the evidentiary hearing. The regulation does not require 60 days' notice of a hearing, and the notification letter to Mr. Calvert issued 69 days prior to the adverse action (the August 4, 2003, decision). Thus, we find that the Veterans Court's construction of 38 C.F.R. § 3.103(b)(2) was correct.[1]

Next, and more significantly, Calvert appears to argue that Allen was not authorized to represent him, that Calvert did not agree that he was incompetent, and that he was improperly denied the right to appear in person at the hearing to contest the issue of incompetency.

The question of Allen's authority is somewhat clouded. On March 24, 2003, Calvert indicated his desire to accept a determination of incompetency and to waive his right to a hearing, provided that the VA would appoint Allen as Calvert's fiduciary. The VA responded that Calvert could not attach conditions to his waiver of due process

---

[1] Calvert raises several other arguments concerning (1) the effective date of his service connection for bipolar disorder, (2) an award of benefits to his minor children and former spouse, and (3) the lack of a signature on the Veterans Court's October 15, 2007, decision. These questions were not before the Board or the Veterans Court. As such, they are not properly open to review by this court.

rights. Calvert then refused to waive his rights and instead explicitly pressed for a hearing:

> I don't think that I'll be signing any waiver of my due process right to a hearing on any purported incompetence; quite the contrary --- I am herewith requesting that a hearing be expedited … unless, of course, the VA sees fit to appoint Mr. Frank E. Allen as my beneficiary payee immediately ….

R. at 696 (original emphasis removed). Calvert also asked to attend the hearing in person. On June 25, 2003, Calvert submitted to the VA a notarized document in which he alleged for the first time that he was in fact competent to handle his own financial affairs. Calvert explicitly requested that this document be entered as evidence at the hearing should he be unable to attend. It was not entered into evidence, and Allen represented Calvert at the hearing, agreeing with the VA that Calvert was incompetent and seeking to be appointed as Calvert's fiduciary.

The government argues that Calvert in fact consented to the representation and to Allen's service as his fiduciary, based primarily on the March 24, 2003, letter from Calvert. The question, however, is whether that authority was effectively revoked by Calvert's actions leading up to the July 25, 2003, hearing.

Before the Veterans Court, Calvert appears also to have contended that Allen was not authorized to represent him and that he did not consent to a determination of incompetency. The Veterans Court did not address these issues. Rather than address these questions in the first instance here, we think that the best course is to vacate the Veterans Court decision and to remand to the Veterans Court to consider these issues.[2] We assume the Veterans Court will appoint new pro bono counsel to represent Calvert

in connection with the remand proceeding.   We express no opinion as to whether Calvert, if he was incompetent, had the capacity to appoint Allen as his counsel and to consent to Allen's appointment as his fiduciary.

COSTS

No costs.

---

² It is not the intent of this court to prejudge the jurisdiction of the Veterans Court regarding these issues.