NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7096

ERNEST L. BELL,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Ernest L. Bell, of Lake Charles, Louisiana, pro se.

Scott A. MacGriff, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Christa A. Childers, Staff Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7096

ERNEST L. BELL,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-1398, Chief Judge William P. Greene, Jr.

_____

DECIDED: November 4, 2009

_____

Before NEWMAN, MAYER, and MOORE, Circuit Judges.

PER CURIAM.

Ernest L. Bell appeals the judgment of the United States Court of Appeals for Veterans Claims that he abandoned his claim for an earlier effective date for his total disability based upon individual unemployability rating. Bell v. Shinseki, No. 07-1398 (Ct. Vet. App. Jan. 30, 2009). We dismiss for lack of jurisdiction.

Our authority to review a decision of the Veterans Court is limited. We may review such a decision only to the extent that it pertains to the validity of "a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination

as to a factual matter)," or "to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. §§ 7292(a), 7292(c). Absent a constitutional issue, we do not otherwise have jurisdiction to review either "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." Id. § 7292(d)(2).

Bell does not assert that the Veterans Court misinterpreted a statute or regulation or that his case presents constitutional issues. Rather, he challenges the court's application of the jurisprudential rule of abandonment to the facts in his case. We lack jurisdiction to consider this challenge. See Andre v. Principi, 301 F.3d 1354, 1362-63 (Fed. Cir. 2002).