NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RANDY L. PORTER, SR.,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7112

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-1781, Judge William A. Moorman.

---

Decided: November 6, 2013

---

RANDY L. PORTER, SR., of Helena, Arkansas, pro se.

TANYA B. KOENIG, Trial Attorney, Civil Division, Commercial Litigation Branch, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief was DAVID J. BARRANS, Deputy Assistant General Counsel.

---

Before RADER, *Chief Judge,* PROST, and MOORE, *Circuit Judges.*

PER CURIAM.

Randy L. Porter, Sr. appeals from the decision of the United States Court of Appeals for Veterans Claims (Veterans Court) that it lacked jurisdiction over his claim of clear and unmistakable error (CUE). For the reasons stated below, we *affirm*.

## BACKGROUND

Mr. Porter served on active duty in the Army. The Department of Veterans Affairs Regional Office (RO) and the Appeals Management Center granted Mr. Porter disability ratings for two conditions related to his right knee. In various letters to the RO, Mr. Porter alleged that his prior rating decisions contained CUE based on the failure to consider his entire service medical and personnel records. The RO responded with a letter to Mr. Porter explaining the necessary criteria for a valid CUE claim. Mr. Porter submitted a renewed claim, and the RO found that there was no CUE in the prior rating decisions. The RO concluded that Mr. Porter's claim was not specific and did not meet the criteria for a valid CUE claim. Mr. Porter also pursued a second claim of entitlement to a total disability rating based on individual unemployability (TDIU), *see* 38 C.F.R. § 4.16(a), which the RO denied.

Mr. Porter appealed to the Board of Veterans Appeals (Board). Relevant to the present appeal, the record does not indicate that Mr. Porter raised arguments about his CUE claim. The Board addressed only the TDIU claim, and concluded that the evidence did not indicate that Mr. Porter was unemployable.

Mr. Porter appealed to the Veterans Court, where he made arguments about his CUE and TDIU claims. The Veterans Court found that "the sole issue considered by the Board (and listed clearly on the front page of its decision) was entitlement to TDIU." *Porter v. Shinseki*, No. 11-1781, slip op. at 2 (Vet. App. March 26, 2013). It found no evidence that Mr. Porter had raised his CUE claim before the Board. Because there was no decision by the Board regarding the CUE claim, the Veterans Court held that it lacked jurisdiction over it. *Id.* at 2–3. Mr. Porter appeals.

## DISCUSSION

Our review of a Veterans Court decision is limited to "the validity of a decision . . . on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter)" on which the Veterans Court relied. 38 U.S.C. § 7292(a). Unless an appeal presents constitutional questions, we may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2)(A)–(B). "The jurisdictional reach of the Veterans Court presents a question of law for our plenary review." *Maggitt v. West*, 202 F.3d 1370, 1374 (Fed. Cir. 2000) (internal citation omitted).

Mr. Porter argues that the Veterans Court erroneously held that it lacked jurisdiction to address his CUE claim. He argues that the Veterans Court should have required the Board to address his CUE claim. Mr. Porter argues that his service medical and personnel records indicate that his service-connected disabilities were aggravated during service, yet the Board did not even acknowledge this evidence. He also asks our court to weigh the evidence in his service medical and personnel records and award him corresponding benefits.

We agree with the government that the Veterans Court correctly held that it lacked jurisdiction over Mr. Porter's CUE claim. A CUE claim "*must* be the subject of a decision by the [Board] before the Veterans Court can exercise jurisdiction over it." *Andre v. Principi*, 301 F.3d 1354, 1361 (Fed. Cir. 2002) (emphasis added). Here, the Veterans Court found that Mr. Porter's CUE claim was not a part of the Board's decision, a factual matter which we lack jurisdiction to review. *See Comer v. Peake*, 552 F.3d 1362, 1372 (Fed. Cir. 2009) ("Whether a veteran has raised a particular claim is a factual determination, outside the purview of our appellate authority."). We therefore affirm the Veterans Court's determination that it lacked jurisdiction over Mr. Porter's CUE claim. We note, however, that Mr. Porter remains free to pursue a CUE claim before the RO.

CONCLUSION

We have considered the remainder of Mr. Porter's arguments and do not find them persuasive.

**AFFIRMED**

COSTS

Each party shall bear its own costs.