NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD C. MLEKODAY,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7004

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-353, Judge Robert N. Davis.

---

Decided:  November 7, 2013

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka, Kansas, for claimant-appellant.

DOMENIQUE KIRCHNER, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director.  Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel,

and RACHEL T. BRANT, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was L. Misha Preheim, Trial Attorney, Commercial Litigation Branch, United States Department of Justice, of Washington, DC.

————————————

Before LOURIE, DYK, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Richard C. Mlekoday ("Mlekoday") appeals from the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") holding that the Board of Veterans' Appeals ("Board") did not err when it found no clear and unmistakable error ("CUE") in a December 5, 1977 rating decision that terminated Mlekoday's total disability rating based on individual unemployability ("TDIU"). *See Mlekoday v. Shinseki*, No. 11–353, 2012 WL 3003430 (Vet. App. July 24, 2012) (unpublished). Mlekoday argues on appeal that the Veterans Court misinterpreted various statutes and regulations in affirming the Board's decision. Because we do not have jurisdiction to hear that portion of Mlekoday's appeal, we *dismiss-in-part*. Mlekoday also asserts that the Veterans Court erred by not considering an argument he failed to raise before the Board. On that point, we *affirm-in-part*.

## BACKGROUND

Mlekoday served in the U.S. Marine Corps from July 19, 1965, to August 31, 1968. While on active duty in Vietnam, he sustained multiple gunshot wounds and suffered injuries to his chest and left arm. In January 1969, the Department of Veterans Affairs ("VA") regional office ("RO") in St. Paul, Minnesota, granted Mlekoday service connection (80% rating) for a series of conditions and also found that he was unemployable because of his injuries. As a result, the RO found that he was entitled to

a TDIU effective on December 1, 1968, the day of his discharge from service.

In September 1977, Mlekoday submitted to the VA a Form 21–4209 employment questionnaire that indicated that he had worked for the U.S. Postal Service from June to September 1977. Based on Mlekoday's questionnaire, the RO issued a notice, dated October 3, 1977, stating that, because he indicated that he had obtained full-time employment, he was required to appear for an immediate VA medical examination to determine his continued eligibility for benefits. The RO decision also informed Mlekoday that his 80% rating plus TDIU, which gave him an effective 100% rating, would be reduced to only an 80% rating unless he submitted evidence demonstrating that any reduction would be in error. The decision also noted that the best evidence that Mlekoday could submit was an examination from a treating physician who had recently examined him. The RO gave Mlekoday 60 days to provide the requisite evidence.

On October 12, 1977, Mlekoday sent a letter to the VA disagreeing with the RO's statement regarding his disability. Mlekoday noted that he was not able to obtain gainful employment and that his position with the U.S. Postal Service had been temporary; he claimed that he had only worked 60 days and that his earnings were around $2,000 in total. On November 30, 1977, Mlekoday's accredited representative sent a letter to the RO stating that Mlekoday had not reported for his scheduled examination and did not want any further contact with the VA. The representative also noted that Mlekoday did not wish to continue his effective 100% disability rating if he had to continue being harassed with filing out VA forms.

On December 5, 1977, the RO issued its rating decision and found that the record evidence did not demonstrate that Mlekoday's disabilities prevented all forms of

gainful employment.    As such, the RO terminated Mlekoday's TDIU rating effective January 1, 1978.  After Mlekoday filed a notice of disagreement with that RO decision, the RO noted the earlier finding, and requested that Mlekoday undergo an examination.  The RO noted that it would review Mlekoday's claim again once it could review the results of a new examination.

Mlekoday underwent a VA medical examination on March 30, 1978.  In April 1978, the RO issued a supplemental statement of the case and noted that the results of the March 1978 examination supported the denial of Mlekoday's TDIU.  The RO concluded that, because his disabilities did not appear so severe as to preclude all types of gainful employment, he was not entitled to TDIU. Mlekoday did not appeal the RO's decision to the Board.

On December 2, 2005, Mlekoday filed a motion to revise the December 1977 RO rating decision on the grounds of CUE.  Among other things, he challenged the RO decision that terminated his TDIU benefits.   The Board determined that the RO decision did not suffer from CUE.  The Board determined that the discontinuance of Mlekoday's TDIU was not clearly and unmistakably erroneous because the evidence demonstrated that his failure to report for the VA examination in 1977, and his refusal to complete the necessary paperwork, the RO properly discontinued his TDIU.  The Board also held that Melkoday's objections to the December 1977 decision required weighing and evaluating of the evidence, which cannot be a basis for CUE.  Mlekoday then appealed to the Veterans Court.

The Veterans Court first refused to consider any arguments Mlekoday failed to advance before the Board as CUE.   The Veterans Court did consider Mlekoday's properly raised arguments of: (1) whether the VA satisfied the procedural requirements of 38 C.F.R. § 3.105; (2) whether the VA complied with 38 C.F.R. § 3.344(c); and

(3) whether the VA improperly found that Mlekoday's temporary position with the U.S. Postal Service constituted evidence of gainful employment. The Veterans Court then affirmed each of the Board's finding on those three issues. Mlekoday then appealed to this court.

STANDARD OF REVIEW

Our review of Veterans Court's decision is limited by statute. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." We lack jurisdiction, however, over challenges to factual determinations or to a law or regulation as applied to the facts of a particular case, unless the challenge presented a constitutional question. *See* 38 U.S.C. § 7292(d)(2). To the extent we have jurisdiction, we may only set aside a Veterans Court's legal conclusion if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 38 U.S.C. § 7292(d)(1)(A).

DISCUSSION

Mlekoday asserts that the Veterans Court erred in three ways. He argues that the Veterans Court relied upon a misinterpretation of the provisions of: (1) 38 U.S.C. § 7252(a); (2) 38 C.F.R. § 3.105(e) and (3) 38 C.F.R. § 3.344. The Veterans Court properly found that it lacked jurisdiction to address Mlekoday's contention regarding 38 C.F.R. § 7252(a) because, under the circumstances, he failed to raise that theory of CUE before the Board. As for Mlekoday's contentions regarding 38 C.F.R. §§ 3.105 and 3.344, we lack jurisdiction over those claims.

A review of the record reveals that Mlekoday raised a series of allegations of CUE in the December 1977 RO decision. On appeal to the Veterans Court, however,

Mlekoday raised several new contentions for the first time, including his allegation that the Board failed to correctly apply the provisions of 38 C.F.R. § 3.344. As such, the Veterans Court did not err when it concluded that it lacked jurisdiction over that claim of CUE. The Veterans Court's jurisdiction is limited by statute and is to be construed narrowly. *See* 38 U.S.C. §§ 7252 and 7261. And, the Veterans Court does not have jurisdiction over a new CUE claim that was not first considered by the Board. *See Andre v. Principi*, 301 F.3d 1354, 1361 (Fed. Cir. 2002) (holding that each allegation of CUE is separate and must be specifically considered by the Board before the Veterans Court has jurisdiction). Accordingly, we affirm the Veterans Court's decision that it lacked jurisdiction over Mlekoday's new CUE claim raised for the first time on appeal.

Mlekoday next contends that the Veterans Court misinterpreted provisions of 38 C.F.R. §§ 3.105(e) and 3.343. In each case, Mlekoday's arguments amount to disagreements with factual findings, application of law to fact, or how the evidence was weighed. Mlekoday, for example, disagrees with the level of detail provided in the Board decision terminating his benefits, which relied on an October 1977 VA decision that informed him of reasons for the termination. Likewise, Mlekoday's attempts to couch his allegations regarding 38 C.F.R. § 3.343 as anything other than a disagreement with how the evidence was weighed or evaluated are unavailing. As such, we lack jurisdiction over Mlekoday's contentions regarding those regulations.

## CONCLUSION

Based on the foregoing, the Veterans Court's decision regarding its lack of jurisdiction over a new CUE claim raised for the first time on appeal is *affirmed*. Because we lack jurisdiction over the remaining portions of this appeal, they are *dismissed*.

**AFFIRMED IN PART, DISMISSED IN PART**