NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MUJAHID S. MALIKULMULK,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-2286

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-8335, Judge Coral Wong Pietsch.

---

Decided:  February 12, 2021

---

MUJAHID S. MALIKULMULK, Canton, MI, pro se.

BRYAN MICHAEL BYRD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by JEFFREY B. CLARK, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.; Y. KEN LEE, ANDREW J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before LOURIE, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

Appellant Mujahid S. Malikulmulk appeals a decision by the United States Court of Appeals for Veterans Claims dismissing an appeal of a decision by the Board of Veterans' Appeals. Because the Veterans Court properly interpreted the statutes and regulations at issue, and because we lack jurisdiction over Mr. Malikulmulk's remaining arguments, we affirm the Veterans Court's decision.

I

Mr. Malikulmulk served on active duty in the U.S. Army from January 1959 to March 1962. *Malikulmulk v. Wilkie*, 2020 WL 4211570 at *1 (Vet. App. 2020) (*Decision*). In December 2004, Mr. Malikulmulk filed a claim seeking service connection for bilateral hearing loss and other disabilities that he asserted were connected to his experience in the military as an infantryman and paratrooper. *Id.* In July 2006, the VA regional office (RO) denied Mr. Malikulmulk's hearing loss claim because there was no evidence available indicating that Mr. Malikulmulk served in the infantry or as a paratrooper. *Id.*

In February 2017, Mr. Malikulmulk filed another claim, this time submitting service records that confirmed his service in an infantry unit. *Id.* Nevertheless, the RO continued to deny service connection. *Id.* Mr. Malikulmulk filed Notices of Disagreement (NODs) with respect to both the 2006 and 2017 RO decisions denying service connection. *Id.* at 2.

After the VA denied Mr. Malikulmulk's claims, he appealed to the Board of Veterans' Appeals. *Id.* On March 5, 2018, the Board issued a decision granting service connection, while also dismissing the challenge to the 2006 RO decision as untimely. *Id.* The Board decision did not

address the disability rating to which Mr. Malikulmulk was entitled or the date when benefits should take effect. Rather, on March 11, 2019, the RO, acting on the Board's grant of service connection, issued a separate decision assigning a 100% disability rating for bilateral hearing loss, with an effective date of February 14, 2017. *Id.* at 3.

## II

We have limited jurisdiction to review appeals from the Veterans Court. We have jurisdiction over "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). However, "[e]xcept to the extent that an appeal under this chapter presents a constitutional issue," we may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

## III

Mr. Malikulmulk first argues that the Board misinterpreted 38 C.F.R. § 3.156 and that, because of this misinterpretation, the Board "arbitrarily ignore[d] the Veteran's newly submitted evidence." Appellant's Br. at 2.[1] We disagree that the Board misinterpreted the regulation or ignored the new evidence.

In order for the VA to reopen a legacy claim, 38 C.F.R. § 3.156(a) generally requires that evidence be both new (not previously considered) and material (relating to an unestablished fact necessary to substantiate the claim). However, the VA will automatically reopen a claim when the new evidence is a service department record, even without

---

[1]    Citations to Mr. Malikulmulk's informal brief (and the pages and documents included therein) reflect the pagination applied by this court's electronic case files system, Docket No. 4.

determining that the evidence is new and material.  *See id.*
§ 3.156(c)(1).

Because the new evidence at issue here was a service
record, the RO and the Board automatically reopened and
reconsidered the claim for service connection.  S.A. 13.  And
based on these service records, the Board ultimately ruled
in Mr. Malikulmulk's favor.  *See id.* at 16 ("[T]he Board
finds that the Veteran's claim regarding bilateral hearing
loss is consistent with the circumstances, conditions, and
hardships of his active service as a member of an infantry
unit, and the preponderance of the medical evidence sup-
ports that conclusion.").  We agree with the VA's interpre-
tation of 38 C.F.R. § 3.156(c).

Next, Mr. Malikulmulk appears to argue that he
should be entitled to an earlier effective date of service con-
nection under 38 C.F.R. § 3.156(c)(1)(iii).  *See, e.g.*, Appel-
lant's Br. at 9–10.  However, the Board decision that the
Veterans Court considered did not assign a date of entitle-
ment, as it lacked authority to do so in the first instance,
and Mr. Malikulmulk has not appealed the RO decision
that did assign such a date.

We lack jurisdiction to consider the proper effective
date because Mr. Malikulmulk has not challenged this de-
termination, nor sought review at the Board or Veterans
Court.  As explained by the Veterans Court:

> To initiate appellate review of the RO's assignment
> of the effective date, the appellant should have filed
> an NOD within a year from the date the notice of
> the RO's decision was mailed. Alternatively, if the
> appellant did not file an NOD, he may request re-
> vision of the RO's March 2019 decision assigning
> the effective date based on clear and unmistakable
> error (CUE).

*Decision*, 2020 WL 4211570, at *3 (citations omitted).
Additionally, determination of the effective date is a

question of fact which we lack jurisdiction to review. *See* 38 U.S.C. § 7292(d)(2).

To the extent that Mr. Malikulmulk argues that the Board was required to assign an effective date, rather than refer this decision to the RO, we disagree. By its plain language, § 3.156(c)(1)(iii) describes the proper effective date that must be used, but it has no bearing on which entity must make such a finding. Moreover, the Board here was without jurisdiction to assign an effective date in the first instance. *See* 38 U.S.C. § 7104.

Finally, Mr. Malikulmulk challenges the Veterans Court's decision dismissing the 2006 claims. The Veterans Court found that Mr. Malikulmulk abandoned his challenge to the timeliness of his NOD because he did not raise any arguments on this issue before the Veterans Court. *Decision*, 2020 WL 4211570, at *3. We lack jurisdiction to review the Veterans Court's determination that no argument was raised regarding an issue. *See Andre v. Principi*, 301 F.3d 1354, 1363 (Fed. Cir. 2002).

The Veterans Court then explained that, to the extent Mr. Malikulmulk asserted that the 2006 decision should be reopened for CUE, the Veterans Court lacked jurisdiction to consider such a claim in the first instance. *Decision*, 2020 WL 4211570, at *3. We have previously explained that "each 'specific' assertion of CUE constitutes a claim that must be the subject of a decision by the [Board] before the Veterans Court can exercise jurisdiction over it." *See Andre*, 301 F.3d at 1361. We therefore affirm the Veterans Court decision that it lacked jurisdiction over allegations of CUE that were raised for the first time on appeal.

## IV

We have considered the parties' remaining arguments and find them unpersuasive. Because we agree with the Veterans Court's interpretations of law, and because we

lack jurisdiction over any other issue in this case, we affirm the Veterans Court's decision.

## AFFIRMED IN PART AND DISMISSED IN PART

No costs.