NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VERA O'CONNOR,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7086

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-2168, Judge Lawrence B. Hagel.

---

Decided: October 12, 2010

---

VERA O'CONNOR, of Shreveport, Louisiana, pro se.

SHARI A. ROSE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the

brief were DAVID J. BARRANS, Deputy Assistant General Counsel, JONATHAN E. TAYLOR, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before GAJARSA, MAYER, and MOORE, *Circuit Judges*.

PER CURIAM.

Vera N. O'Connor appeals the judgment of the Court of Appeals for Veterans Claims that denied her claim for an earlier effective date for service connection for her husband's lung cancer. *O'Connor v. Shinseki*, No. 08-2168 (Ct. Vet. App. March 23, 2010). We *dismiss* for lack of jurisdiction.

Our authority to review a decision of the Veterans Court is limited. We may review such a decision only to the extent that it pertains to the validity of "a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter)," or "to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. §§ 7292(a), 7292(c). Absent the presentation of a constitutional issue, we do not otherwise have jurisdiction to review either "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

The Veterans Court found that, regardless of when the disability—here lung cancer—arose, under 38 C.F.R. § 3.816(c)(2) the effective date for disability benefits could not be prior to the date the claim was made. O'Connor's appeal amounts to a challenge of the Veterans Court's application of the timing provisions of this regulation to the facts in this case. We lack jurisdiction to consider this

challenge.  *See Andre v. Principi*, 301 F.3d 1354, 1362-63 (Fed. Cir. 2002).

Additionally, the Veterans Court did not decide any constitutional issues, and O'Connor's allegations of Fifth Amendment rights violations are generalized grievances of unfair treatment.  These assertions do not raise legitimate constitutional issues; and, as such, they do not necessitate our review of the facts or application of law or regulation to fact.  38 U.S.C. § 7292(d)(2); *see also Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[The] characterization of that question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.").

Thus, O'Connor's appeal does not challenge the validity of any statute or regulation, nor does her appeal raise any genuine constitutional issue that could form the basis for our jurisdiction.