NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GRACIANO S. ESCOSIA,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2013-7019

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-2993, Judge Margaret C. Bartley.

---

Decided: April 9, 2013

---

GRACIANO S. ESCOSIA, of Zambales, Phillippines, pro se.

ELIZABETH ANNE SPECK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E.

DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and BRIAN D. GRIFFIN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————

Before MOORE, BRYSON, and WALLACH, *Circuit Judges.*

PER CURIAM.

Graciano S. Escosia appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals' ("Board") decision denying entitlement to payment from the Filipino Veterans Equity Compensation ("FVEC") fund. Because the Veterans Court properly upheld the Board's decision that Mr. Escosia was barred from receiving such payment due to an earlier, unappealed forfeiture decision, this court affirms.

## BACKGROUND

On July 26, 1941, President Franklin D. Roosevelt issued a Military Order ordering into the service of the United States armed forces "for the period of the existing emergency . . . all of the organized military forces of the Government of the Commonwealth of the Philippines." Military Order, 6 Fed. Reg. 3825 (Aug. 1, 1941). Mr. Escosia served in the recognized guerilla forces of the Commonwealth Army of the Philippines from March 1945 until June 1945 and in the Philippine Army from June 1945 to March 1946. In October 1976, the VA denied Mr. Escosia's claim for disability benefits on the ground of forfeiture due to fraud, finding that Mr. Escosia had "knowingly and intentionally furnished, or caused to be presented to the Veterans Administration, materially false and fraudulent evidence in support of a claim for additional allowance for dependents on behalf of [another veteran]" ("October 1976 forfeiture decision"). App'x at 14.

In 2009, Congress established the FVEC fund as part of the American Recovery and Reinvestment Act of 2009 ("Recovery Act"), and instructed the VA to make one-time payments to eligible persons who submitted claims within the one-year period following enactment. Pub. L. No. 111-5, § 1002, 123 Stat. 115, 201 (2009). In February 2009, Mr. Escosia filed a claim for payment from the FVEC fund. A VA regional office denied his claim on the ground that the October 1976 forfeiture decision barred Mr. Escosia from receiving payment under any laws administered by the Secretary of Veterans Affairs ("the Secretary"). The Board affirmed the denial. Following appeal by Mr. Escosia, the Veterans Court likewise affirmed the denial of Mr. Escosia's claim on the ground of forfeiture by fraud. *Escosia v. Shinseki*, 11-2993, 2012 WL 4377702 (Vet. App. Sept. 26, 2012) ("*Escosia*") (citing 38 U.S.C. § 6103(a)). Mr. Escosia filed this timely appeal.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Pursuant to 38 U.S.C. § 7292(a), this court has jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except to the extent that a constitutional issue is presented, this court may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). This court reviews the Veterans Court's legal determinations *de novo*. *Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009).

On appeal, Mr. Escosia argues that the Veterans Court erred in affirming the Board's denial of his FVEC claim. Mr. Escosia contends he is eligible for payment under the FVEC fund and, for various reasons, is not

barred by the forfeiture provision in 38 U.S.C. § 6103. As discussed above, the Recovery Act provides for a one-time, lump-sum payment to an eligible person who submitted his claim within the one-year period following the date of enactment. Recovery Act § 1002. An "eligible person" is one who served before July 1, 1946 in the organized military forces of the Government of the Commonwealth of the Philippines, including the recognized guerilla forces, and was discharged or released from service under other than dishonorable conditions. *Id.* § 1002(d). Although Mr. Escosia may otherwise be eligible for payment under the FVEC fund, the Veterans Court did not err in holding him ineligible for such payment due to forfeiture by fraud.

Section 6103(a) provides, in part:

> whoever knowingly makes or causes to be made or conspires, combines, aids, or assists in, agrees to, arranges for, or in any way procures the making or presentation of a false or fraudulent affidavit, declaration, certificate, statement, voucher, or paper, concerning any claim for benefits under any of the laws administered by the Secretary (except laws pertaining to insurance benefits) shall forfeit all rights, claims, and benefits under all laws administered by the Secretary (except laws pertaining to insurance benefits).

38 U.S.C. § 6103(a). Application of section 6103 to the unappealed October 1976 forfeiture decision—which found Mr. Escosia had "knowingly and intentionally furnished, or caused to be presented to the [VA], materially false and fraudulent evidence"—means Mr. Escosia has forfeited his claim to benefits from the VA. App'x at 14. On appeal, Mr. Escosia contends there was error in the October 1976 forfeiture decision. *See* Appellant's Br. at 1 (arguing he should not be subject to forfeiture under section 6103 because he "acted as [an] interpreter not as a

fixer."). However, a final VA decision may be collaterally attacked only by filing a motion for revision based on clear and unmistakable error ("CUE") with the appropriate VA regional office or by requesting to reopen the original claim based on new and material evidence. *Cook v. Principi*, 318 F.3d 1334, 1339 (Fed. Cir. 2002). Mr. Escosia has not pursued either course of action. *See Escosia* at *2 (affirming that Mr. Escosia failed to plead CUE to the Board with sufficient specificity to constitute a cognizable motion for revision pursuant to 38 C.F.R. § 20.1404(b)). This court, like the Veterans Court, lacks jurisdiction to entertain a CUE challenge in the first instance. *See Andre v. Principi*, 301 F.3d 1354, 1361-62 (Fed. Cir. 2002); *Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004) (this court reviews only questions of law and cannot review any application of law to fact). Mr. Escosia's contentions of factual error in the October 1976 forfeiture decision are thus not reviewable by this court.

Mr. Escosia also contends the Veterans Court improperly failed to consider 38 U.S.C. § 107, which, according to Mr. Escosia, grants "specific rights and benefits" to Filipino veterans. Appellant's Br. at 1. According to Mr. Escosia, section 107 provides that "Filipino Veterans are considered [to be] CIVILIAN Employees of the Armed Forces of the United States," and, as such, "may[] be covered under [Workmen's] Compensation Act . . . ." *Id.* Pursuant to 38 U.S.C. § 107, those who served before July 1, 1946 in the organized military forces or the organized guerilla forces of the Government of the Commonwealth of the Philippines "shall not be deemed to have been active military, naval, or air service" for purposes of entitlement to most veteran benefits. However, this does not indicate that such persons are defined as civilian employees of the military. Section 107 was enacted after World War II, when Congress provided that Filipino veterans who had served in the organized military forces of the Government of the Commonwealth of the Philip-

pines under United States authority prior to July 1, 1946, were entitled to certain specified service-connected disability compensation and death benefits, but were not entitled to other benefits typically afforded to veterans of the United States military. First Supplemental Surplus Appropriation Rescission Act of 1946, Pub. L. 79-301, 60 Stat. 6 (1946) (codified as amended at 38 U.S.C. § 107(a)). Section 107 thus places Filipino veterans in a category of their own; the fact that they are not considered to have been in active military service for purposes of VA benefits does not imply that they are instead considered civilian employees of the military.

Mr. Escosia further presents several arguments why section 6103 does not bar him from receiving payment from the FVEC fund. First, Mr. Escosia appears to argue that the earlier finding of forfeiture no longer bars him from receipt of VA benefits, because he has since been naturalized as a United States citizen. Appellant's Br. at 2. However, nothing in section 6103 indicates that a change in citizenship constitutes a basis for avoiding the forfeiture bar. 38 U.S.C. § 6103. Second, Mr. Escosia appears to contend that payment pursuant to the Recovery Act's FVEC fund is not subject to the section 6103 bar. Appellant's Br. at 2. This argument similarly lacks merit, because the FVEC fund is a law "administered by the Secretary" pursuant to section 6103, and payment from the fund is thus properly barred by forfeiture for fraud. *See* Recovery Act §§ 1002(b)(2), (c)(1), (j)(2) (instructing the Secretary of Veterans Affairs to administer the provisions of the FVEC fund consistently with other applicable provisions of Title 38 United States Code). Last, Mr. Escosia argues that he is not subject to section 6103 because he is not a "veteran of the United St[a]tes Armed Forces." Appellant's Br. at 2. As discussed above, Mr. Escosia's service in the Philippine military forces prior to July 1, 1946 is not deemed to be "active military, naval, or air service," 38 U.S.C. § 107; nevertheless, section 6103

applies to any person who engages in fraud concerning a claim for benefits under laws administered by the Secretary, including Mr. Escosia. 38 U.S.C. § 6103(a).

We have considered Mr. Escosia's remaining arguments and find them unpersuasive. Accordingly, the Veterans Court's decision affirming the denial of Mr. Escosia's claim for payment is

## AFFIRMED

No costs.