NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KYLE R. MCKELVEY,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7136

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-2342, Chief Judge Bruce E. Kasold.

---

Decided: February 10, 2014

---

KYLE R. MCKELVEY, of Pahrump, Nevada, pro se.

ERIC E. LAUFGRABEN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and CLAUDIA BURKE, Assistant Director. Of counsel were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and TRACEY PARKER WARREN, Attorney, United States

Department of Veterans Affairs, Office of General Counsel, of Washington, DC.

————————————

Before LOURIE, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Kyle R. McKelvey ("McKelvey") appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming in part and modifying in part an April 1, 2011 decision of the Board of Veterans' Appeals (the "Board") and declining to consider certain issues raised by McKelvey for lack of jurisdiction. *See McKelvey v. Shinseki*, No. 11-2342, 2013 WL 1966141 (Vet. App. May 14, 2013). Because we conclude that the Veterans Court did not err in declining to consider those issues raised for the first time on appeal for lack of jurisdiction, and because McKelvey's remaining arguments challenge factual findings outside of our jurisdiction to review, we *affirm in part* and *dismiss in part*.

## BACKGROUND

McKelvey served on active duty in the United States Navy from February 1980 to February 1989 and receives disability benefits from the Department of Veterans Affairs ("VA") for service-connected degenerative disc disease ("DDD") of the lumbar spine and total disability based on individual unemployability ("TDIU").

In a decision on April 1, 2011, the Board: (1) increased McKelvey's DDD disability rating from 20% to 40% for the period prior to November 17, 2008, denied a rating in excess of 40% for the period thereafter, awarded a 10% rating for DDD-related incomplete paralysis of the left lower extremity for the entire period under appeal, and awarded a 10% rating for incomplete paralysis of the right lower extremity from November 17, 2008; (2) denied service connection for prostatitis after finding that he had

no current disability; (3) granted service connection for erectile dysfunction as secondary to DDD; (4) found that his claim for an earlier effective date of TDIU was not properly on appeal because he had not expressed disagreement with the assigned effective date at the Regional Office ("RO"); (5) referred his claim of chronic pain syndrome to the RO because that issue had not been adjudicated below; and (6) remanded his claim for service connection of a heart condition to the VA for further evidentiary development. Resp't's App. at 45–79.

McKelvey appealed the Board decision to the Veterans Court and contended that the Board erred in failing to apply the bilateral factor pursuant to 38 C.F.R. § 4.26 for the incomplete paralysis of the lower extremities, in denying his claim for service-connected prostatitis, and in finding that the effective date for TDIU was not on appeal. *McKelvey*, 2013 WL 1966141, at *1. McKelvey also alleged other errors by the VA and the Board, including not considering the first three years of his military service and thereby failing to consider the whole etiology of his conditions, having other service members' medical records in his VA file, missing a 1989 Notice of Disagreement in the record, and not considering whether an earlier denial of service connection for a kidney condition was the product of clear and unmistakable error ("CUE"). *Id.* at *1–2.

The Veterans Court affirmed the Board's decision in part and modified it in part. *Id.* at *3. The court modified the Board's decision in McKelvey's favor to reflect a combined disability rating with a bilateral factor of 21% while noting that the failure to apply the bilateral factor had no material effect on the 40% overall rating for DDD. *Id.* at *1. The court affirmed the Board's denial of service connection for prostatitis and the finding that the TDIU effective date was not properly on appeal. *Id.* at *2. Regarding the alleged missing or misplaced files in the VA records, the court found that "McKelvey fail[ed] to demonstrate error or any prejudice arising from his

asserted error" that affected the Board's decision.  *Id.* at *3.

The Veterans Court declined to consider the alleged CUE in the kidney claim because it "lack[ed] jurisdiction over any assertions of CUE raised . . . for the first time on appeal" and "McKelvey fail[ed] to demonstrate [that the CUE claim] was presented below or that the Board erred by not addressing such an argument." *Id.* at *2.  McKelvey requested reconsideration, which was denied by the court.  *McKelvey v. Shinseki*, No. 11-2342, 2013 WL 3448739, at *1 (Vet. App. July 10, 2013).

McKelvey appealed to this court seeking to invoke our jurisdiction pursuant to 38 U.S.C. § 7292(a).

## DISCUSSION

The scope of our review in an appeal from a Veterans Court decision is limited.  We may review a Veterans Court decision with respect to the validity of a decision on a rule of law or the validity or interpretation of any statute or regulation that was relied upon by the Veterans Court in making the decision.  38 U.S.C. § 7292(a).  Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* at § 7292(d)(2).  However, "[t]he jurisdictional reach of the Veterans Court presents a question of law for our plenary review." *Maggitt v. West*, 202 F.3d 1370, 1374 (Fed. Cir. 2000) (internal citation omitted).

McKelvey argues that the Veterans Court's decision "[s]hould have [n]o [p]robative value since it is based on inaccurate factual predicate and confusion [d]ue to VA [i]mposed CUEs" over the past years.  Pet'r's Br. 7. McKelvey asserts that those purported CUEs violated his constitutional rights.  McKelvey alleges that the Veterans Court's decision was "inaccurate, incomplete and rushed"

because it did not address each and every argument in his brief. *Id.* at 13–16. He asks this court to decide his disability claims relating to the kidney and the spine and to order the VA to locate the purported missing records.

We conclude that the Veterans Court addressed those issues properly on appeal from the Board and that its decision did not involve questions concerning the validity or interpretation of a statute or regulation. The court merely applied 38 C.F.R. § 4.26 and modified the Board's decision in McKelvey's favor to reflect a combined disability rating with a bilateral factor. The court made factual findings in affirming the Board on the prostatitis and TDIU issues and in reviewing the alleged deficiencies in the VA records. McKelvey does not allege any particular statute or regulation that was misinterpreted. Moreover, without an adequate basis, McKelvey's claims of constitutional violations are constitutional claims in name only and therefore do not invoke our jurisdiction to review. *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (finding invocation of a constitutional label does not establish jurisdiction). We thus dismiss McKelvey's appeal on those issues.

We do have jurisdiction, however, to review the Veterans Court's conclusion that it lacked jurisdiction over McKelvey's CUE claims. A CUE claim "must be the subject of a decision by the [Board] before the Veterans Court can exercise jurisdiction over it." *Andre v. Principi*, 301 F.3d 1354, 1361 (Fed. Cir. 2002). Here, the Veterans Court found that McKelvey's CUE claims were not part of the Board's decision and McKelvey failed to demonstrate that the CUE claims were raised at the Board in connection with the present appeal. We therefore affirm the Veterans Court's determination that it lacked jurisdiction over McKelvey's CUE claims.

We have considered McKelvey's remaining arguments, but find them to be unpersuasive or beyond our

jurisdiction to review. For the foregoing reasons, we *affirm in part* the Veterans Court's decision and *dismiss in part* the appeal.

**AFFIRMED IN PART AND DISMISSED IN PART**

COSTS

No costs.