NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RASHID EL MALIK,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7009

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-458, Judge Robert N. Davis.

---

Decided: February 12, 2014

---

RASHID EL MALIK, of Palos Verde's Estate, California, pro se.

STEVEN M. MAGER, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and FRANKLIN E. WHITE, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and LARA K. EILHARDT, Attor-

ney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before RADER, *Chief Judge,* O'MALLEY, and HUGHES, *Circuit Judges.*

PER CURIAM.

Veteran Rashid El Malik appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming two decisions of the Board of Veterans' Appeals ("Board"). The Board found no clear and unmistakable error ("CUE") in a 2006 Board decision granting special monthly compensation ("SMC") at the intermediate "n and a half" rate between 38 U.S.C. § 1114(n) and (o), rather than the rate specified at 38 U.S.C. § 1114(r). The Board also determined that a 2010 Board decision contained CUE to the extent it granted El Malik a higher rating for a wrist injury as of September 22, 2009, rather than the earlier date of June 23, 2009. The Board did not agree with El Malik, however, that his rating increase should date back to September 3, 2003.

El Malik now appeals the decision of the Veterans Court alleging that the Veterans Court: (1) misinterpreted 38 U.S.C. § 1114(r) in light of 38 C.F.R. § 4.71a Diagnostic Code ("DC") 5055 Note 2, causing it to affirm the Board's erroneous conclusion of no CUE; and (2) erred in denying him entitlement to a September 3, 2003 effective date for his increased wrist disability rating. For the reasons below, we *affirm* the judgment of the Veterans Court regarding El Malik's request for SMC and dismiss El Malik's appeal relating to his wrist disability rating for lack of jurisdiction.

BACKGROUND

El Malik served on active duty in the U.S. Army from January 1968 to June 1969. *El Malik v. Shinseki*, No. 12-

458, 2013 WL 3243398, at *1 (Vet. App. June 27, 2013). As of September 1991, El Malik was rated as 100 percent disabled for several service-connected disabilities, including post-traumatic stress disorder ("PTSD"). *Id.*

In June 2005, a Department of Veterans Affairs ("VA") Regional Office ("RO") awarded El Malik a 10 percent disability rating for right wrist derangement, effective July 9, 2004. *Id.* In a May 2006 decision, the Board awarded El Malik SMC for the loss of the use of both legs, effective September 3, 2003. *Id.* In support, the Board noted that El Malik was losing the ability to walk as early as September 2003, and required the permanent use of crutches since undergoing bilateral knee replacement surgeries in September 2004. *Id.* The Board awarded El Malik SMC at the "n and a half" rate as a result of his combined disabilities.[1] *Id.* It then denied additional SMC under section 1114(r), finding that an award under section 1114(r) was unauthorized where the veteran qualified only for SMC at the "n and a half" rate

---

[1] SMC is available when a veteran suffers hardships above and beyond those contemplated by the VA's schedule for rating disabilities as a result of service-connected disability. *See generally* 38 U.S.C. § 1114(k)–(s). Basic levels of SMC are listed in section 1114(k). A veteran can qualify for higher levels of SMC under sections 1114(l), (m), (n), and (o) if they meet certain criteria. *See generally* 38 U.S.C. § 1114(l)–(o). Depending on the circumstances, the Secretary may award a precise rate of SMC, or may choose an intermediate rate between the various SMC levels, *e.g.*, "m and a half" or "n and a half." *See* 38 U.S.C. § 1114(p). In addition, a veteran can receive additional SMC under section 1114(r) for "aid and attendance" if they meet criteria specified in that provision. *See* 38 U.S.C. § 1114(r).

and not also at a rate authorized under section 1114(k). *Id.*

In a June 23, 2009 orthopedic examination, a VA examiner found ankylosis of the right wrist in an unfavorable position and loss of function.[2]  A27.  The examiner filed a report on September 22, 2009.  In October 2009, the Appeals Management Center ("AMC") awarded an increased rating for El Malik's right wrist derangement, increasing El Malik's rating from 10 percent to 70 percent, effective as of September 22, 2009.  A34–35.  The AMC noted that the increase was based on the examiner's September 22, 2009 medical opinion.  A35.  El Malik appealed the AMC's decision, contending that his increased rating should date back to September 2003, when he received a private medical opinion that his right wrist would one day need fusing.  In a January 2010 decision, the Board upheld this rating and denied El Malik's claims for a rating higher than 10 percent earlier than September 2009, because "there was no evidence of functional loss necessitating a 70% rating until the September 2009 examination." *El Malik*, 2013 WL 3243398, at *1.

---

[2]    In February 2007, the Board remanded for an additional medical examination to obtain additional information regarding the right wrist, among other things.  On May 15, 2009, El Malik filed a petition for a writ of mandamus seeking to compel the medical examination as no medical examination had yet been scheduled.  On June 4, 2009, the Veterans Court ordered that the Secretary, within 15 days of the order, file a status report on the petitioner's claims, state where the petitioner's file is currently being processed, and inform the court of when the Board-ordered medical examinations are scheduled to take place. *El Malik v. Shinseki*, No. 09-1868, 2009 WL 1546367, at *2 (Vet. App. June 4, 2009).

El Malik asserted CUE with respect to both the May 2006 and January 2010 decisions. *Id.* at \*2. In February 2012, the Board found no CUE in the 2006 decision granting SMC at a rate less than that assigned under 38 U.S.C. § 1114(r)(2). *Id.* The Board did find CUE, however, in the January 2010 decision, but only to the extent it granted a higher rating for El Malik's wrist injury as of September 22, 2009, when the medical report was filed, rather than as of June 23, 2009, when the VA medical examination was conducted. *Id.*

On appeal, the Veterans Court affirmed all aspects of the February 2012 Board decision. *Id.* at \*1. In support, the Veterans Court stated that it "cannot find that the Board decision finding no CUE in the May 2006 decision was arbitrary, capricious, or an abuse of discretion," because "the Board provided an adequate explanation concerning the relevant statutory provisions in its February 2012 decision." *Id.* at \*3. The Veterans Court also rejected El Malik's argument that he is entitled to an effective date of September 2003, for his right wrist disability. *Id.* In reaching this decision, the Veterans Court found that El Malik simply disagreed with how the Board weighed the medical evidence relating to his wrist injury that existed as of September 2003 and that "disagreement with how the Board evaluated or weighed evidence cannot substantiate an allegation of CUE." *Id.* (citation omitted).

El Malik appeals the decision of the Veterans Court.

## DISCUSSION

### I.      Standard of Review

This Court has limited jurisdiction to review decisions of the Veterans Court. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). Absent "a constitutional issue, [this Court] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or

regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). Instead, this Court must decide "all relevant questions of law, including interpreting constitutional and statutory provisions" and must set aside any regulation or any interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that it finds to be "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1).

This Court reviews legal determinations of the Veterans Court de novo. *Buchanan v. Nicholson*, 451 F.3d 1331, 1334 (Fed. Cir. 2006). This de novo review includes questions of statutory and regulatory interpretation. *Andre v. Principi*, 301 F.3d 1354, 1358 (Fed. Cir. 2002).

## II.    SMC Relating to Knee Disability

CUE is a collateral attack on a final Board decision, and "is a very specific and rare kind of error." 38 C.F.R. § 20.1403. For CUE to exist, either (1) "the correct facts, as they were known at the time, were not before the adjudicator or [(2)] the statutory or regulatory provisions extant at the time were incorrectly applied." *Russell v. Principi*, 3 Vet. App. 310, 313 (1992) (en banc). The error must be undebatable, and manifestly change the outcome of the prior decision based on the record or law at the time of the decision. *Id.* at 313–14.

El Malik argues that the Board erred in not finding CUE in the denial of additional SMC because it mistakenly based that finding on an interpretation of 38 U.S.C. § 1114(r), rather than on 38 C.F.R. § 4.71a DC 5055 Note 2.

38 U.S.C. § 1114(r) states:

[I]f any veteran, otherwise entitled to compensation authorized under subsection (o) of this section, at the maximum rate authorized under subsection (p) of this section, or at the intermediate rate authorized between the rates authorized under subsections (n) and (o) of this section and at the rate authorized under subsection (k) of this section, is in need of regular aid and attendance, then, in addition to such compensation--

> (1) the veteran shall be paid a monthly aid and attendance allowance at the rate of $2,002; or

> (2) if the veteran, in addition to such need for regular aid and attendance, is in need of a higher level of care, such veteran shall be paid a monthly aid and attendance allowance at the rate of $2,983 in lieu of the allowance authorized in clause (1) of this subsection, if the Secretary finds that the veteran, in the absence of the provision of such care, would require hospitalization, nursing home care, or other residential institutional care.

38 U.S.C. § 1114(r).

The Veterans Court, like the Board before it, interpreted the plain language of section 1114(r) to require an SMC award under either section (o), section (p), or both section "n and a half" and section (k), prior to providing an award for aid and attendance. A4. Specifically, it noted that eligibility under section 1114(r) requires an additional award under section 1114(k) if the veteran has an SMC award under the "n and a half" rate. A4. We agree with this interpretation; the plain language of section 1114(r) is clear. 38 U.S.C. § 1114(r) authorizes aid

and attendance for veterans who have an SMC rating under either section (o), section (p), or section "n and a half," with an additional rating under section (k). 38 C.F.R. § 3.350(h) further supports this reading, explaining that, for SMC under section 1114(r), the veteran must be entitled to "the maximum rate under 38 U.S.C. 1114 (o) or (p)" or "the intermediate rate between 38 U.S.C. 1114(n) and (o) *plus* special monthly compensation under 38 U.S.C. 1114(k)." (emphasis added). While El Malik has an SMC rating at the "n and a half" rate, he does not have an additional SMC rating under section 1114(k). Consequently, he could not qualify for additional SMC under section 1114(r).

El Malik does not dispute this reading of 1114(r). He asserts, however, that discussion of section 1114(r) is irrelevant to his claim. He argues that DC 5055 Note 2 and 38 U.S.C. § 1156(d) entitle him to receive "aid and attendance" SMC, separate and apart from the SMC authorized in section 1114(r), because his surgery resulted in the permanent use of crutches. Inf. Br. Appellant 4. 38 C.F.R. § 4.71a DC 5055 relates to knee replacements (prosthesis). It provides for a 100 percent rating for one year following implantation of prosthesis for prosthetic replacement of a knee joint. 38 C.F.R. § 4.71a DC 5055 Note 2 states that "[SMC] *is assignable* during the 100 pct rating period the earliest date permanent use of crutches is established." (emphasis added). 38 U.S.C. § 1156(d) states that "[n]othing in this section shall be construed to preclude the Secretary from providing a temporary disability rating under an authority other than this section." Nowhere does Note 2 or section 1156(d) mandate or require the award of SMC. Note 2 only clarifies that SMC *is assignable* during this temporary period of convalescence. Note 2 provides no information about the level of SMC for which a veteran might qualify during the temporary 100 percent rating period. Instead, the criteria for SMC is set forth in 38 U.S.C. § 1114 and 38 C.F.R.

§ 3.350.[3]  As the Board found, El Malik was already at a 100 percent disability rating and had already been awarded SMC based on his multiple service-connected disabilities when he had his knee surgeries.  As such, the question as of the date of his knee surgeries was whether El Malik was entitled to *additional* SMC.  That question is governed by section 1114(r).

El Malik disagrees and argues that the Veterans Court's application of 38 U.S.C. § 1114(r) in his circumstances conflicts with 38 C.F.R. § 4.71a DC 5055 Note 2. Inf. Br. Appellant 5.  He contends that, since the 100 percent rating period is limited to one year, it authorizes a temporary assignment of benefits, regardless of his prior disability level.  He alleges that a veteran is always entitled to additional SMC, regardless of his prior disability, as long as he requires the permanent use of crutches after knee replacement.  As explained above, however, Note 2 does not automatically entitle a veteran to SMC; a veteran must still meet the qualifications for SMC under the relevant SMC provisions.  We find no conflict between the statute and the implementing regulation; SMC *is assignable* during a temporary 100 percent rating period of convalescence as long as the veteran meets the criteria for SMC set forth in 38 U.S.C. § 1114.

Accordingly, we find no legal error in the Veterans Court's analysis and affirm the Veterans Court's decision that the Board did not commit CUE in denying additional SMC to El Malik.

---

[3]  El Malik's attempts to classify SMC into temporary and permanent categories have no basis in statute or regulation.  The criteria for eligibility for SMC remains centered in 38 U.S.C. § 1114 and 38 C.F.R. § 3.350.

### III.    Right Wrist Disability

On appeal, El Malik raises multiple arguments regarding his right wrist disability, including: (1) that the AMC did not provide adequate reasons and bases for setting the effective date for the 70 percent rating as of his 2009 VA medical examination and did not look at the evidence in the light most favorable to the appellant, and (2) that the AMC prejudiced him because of unreasonable delays in conducting the VA medical examination.[4]  The Government responds that this Court does not possess jurisdiction to consider these arguments.  We agree.

This Court does not possess jurisdiction to review the AMC's rating decision.  *See* 38 U.S.C. § 7292.  The Board denied El Malik's claims for a rating higher than 10 percent earlier than September 2009, because "there was no evidence of functional loss necessitating a 70% rating until the September 2009 examination." *El Malik*, 2013 WL 3243398, at *1.  The Board reviewed the September 2003 examination and found that it was consistent with the earlier 10 percent rating given to El Malik.  Specifically, the Court explained that the Board found that El Malik's symptoms of pain, weakness, and trouble gripping supported a 10 percent rating and that contemplation of *future* wrist fusion did not constitute a compensable injury justifying a current higher rating.  *Id.* at *3.  To the extent El Malik expresses factual disagreement with this evaluation and weighing of the evidence, we lack jurisdiction to address such issues.  *See* 38 U.S.C.

---

[4]    El Malik also asserts that his private physician is "more qualified than the VA's own medical evaluator and [thus] his medical opinions are more probative."  Inf. Br. Appellant 7.  Because we read this argument to request a reweighing or reevaluation of the evidence, we decline to address this argument for a lack of jurisdiction.

§ 7292(d)(2); *Bastien v. Shinseki,* 599 F.3d 1301, 1306 (Fed. Cir. 2010).

El Malik then argues that we possess jurisdiction because he is asking that we review, not how the facts were applied, but how they were ignored. He appears to allege that the lack of an express discounting of facts in the record means that those facts were not considered. The VA is presumed to have considered all evidence of record, however. *See Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007). We find that El Malik is simply asking us to reweigh or reevaluate the evidence, which we lack jurisdiction to do so.

El Malik finally argues that, but for the delay in receiving his VA medical examination, he would have received an earlier effective date. El Malik's argument does not articulate any challenge to the validity or interpretation of a statute or regulation in the Veterans Court's decision which would give rise to jurisdiction in this Court.[5] *See* 38 U.S.C. § 7292(a), (d)(2). We, therefore decline to address it.

### CONCLUSION

For these reasons, we affirm the Veterans Court decision regarding El Malik's request for additional SMC and dismiss his appeal regarding the effective date of his right wrist disability rating for lack of jurisdiction.

### **AFFIRMED**

No Costs.

---

[5]   El Malik also did not argue this issue before the Board, and thus cannot raise this here in the first instance. *See Andre v. Principi*, 301 F.3d 1354, 1361 (Fed. Cir. 2002).