NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CLIFFORD M. MOFFETT,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1183

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-4438, Senior Judge Robert N. Davis.

---

Decided: September 7, 2022

---

J. BRYAN JONES, III, J B Jones III LLC, Lafayette, LA, for claimant-appellant.

KYLE SHANE BECKRICH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM; CHRISTINA LYNN GREGG, Y. KEN LEE, Office of

General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before PROST, TARANTO, and STOLL, *Circuit Judges.*

PER CURIAM.

Clifford Moffett appeals from a judgment of the United States Court of Appeals for Veterans Claims affirming the decision of the Board of Veterans' Appeals. For the below reasons, we affirm-in-part and dismiss-in-part.

BACKGROUND

Mr. Moffett served in the Air Force from March 1959 through June 1960. On April 5, 1960, Mr. Moffett accidentally shot himself in the thigh. J.A. 24. Hospital records from that day indicate that Mr. Moffett incurred a "through and through" gunshot wound with "[n]o apparent artery, nerve, or bone involvement." *Id.* An x-ray report from the following day states there was "no evidence [of] fracture or other abnormality of the femur. In one or two places one can suspect metallic fragments from [the] gunshot wound." J.A. 22.

About three weeks after the incident, Mr. Moffett was discharged from the hospital. His discharge paperwork stated that he was "considered unfit" for "long walking, running, jumping, climbing[,] or driving a vehicle" for a few weeks—until June 1, 1960, at which time those restrictions would end. J.A. 23. That day, Mr. Moffett had another medical examination. The report from this examination states that he had "[s]cars on [his] thigh due to [a] gunshot wound," but confirmed that he was qualified for general service. J.A. 29. Two weeks later, on June 14, 1960, Mr. Moffett received an honorable discharge from the Air Force. J.A. 27.

Shortly after being discharged, Mr. Moffett filed a claim for service connection for residuals of his gunshot

wound.  In the subsequent medical examination, the physician noted "no deformity, no interference with normal mobility of [the] leg, knee, or ankle, nondisfiguring, with doubtful interference of sensation in lower leg." J.A. 25.  In December 1960, the VA Regional Office (RO) granted service connection for Mr. Moffett's claim.  J.A. 19.  The RO determined the injury was "moderate" and assigned Mr. Moffett a 10 percent disability rating.  *Id.*  Mr. Moffett did not appeal that decision, and it became final.

In May 2010, fifty years after the RO's December 1960 decision, Mr. Moffett sought revision of that decision on the basis of clear and unmistakable error (CUE).  Over the next few years, Mr. Moffett raised a few different CUE claims which moved between the RO and the Board.  In the case now on appeal, Mr. Moffett alleged two grounds of CUE:  (1) that his injury should have been considered moderately severe, rather than moderate, because he was "'declared unfit for duty' and 'was medically discharged from service'" because of the injury; and (2) that his injury should have been considered severe, rather than moderate, because "April 1960 x-rays showed the presence of suspected [metallic] fragments." J.A. 2 (alteration in original) (quoting J.A. 9).

On April 28, 2020, the Board issued its decision finding that Mr. Moffett had not demonstrated CUE in the RO's decision.  Specifically, the Board found that Mr. Moffett "ha[d] not alleged an error of fact or law in the December 20, 1960, rating decision that compels the conclusion, to which reasonable minds could not differ, that the results would have been manifestly different but for the error." J.A. 8.  The Board explained that Mr. Moffett's arguments were "essentially a disagreement as to how the facts were weighed or evaluated by the adjudicator" and that whether his "service-connected residuals of a gunshot wound to the right thigh should have been considered more than moderate in severity is debatable." J.A. 15.

Mr. Moffett appealed to the Veterans Court. Before that court, Mr. Moffett reasserted the same two CUE grounds that he had presented to the Board—that his injury was more severe than the rating he had been assigned because he was discharged because of his injury and because x-rays taken in 1960 showed suspected metallic fragments. But Mr. Moffett also raised a new CUE theory: his injury was "consistent with a moderately severe disability" as evidenced by the fact that he spent three weeks in the hospital recovering from his gunshot wound. J.A. 4 (quotation omitted).

Regarding this new, third CUE theory, the Veterans Court explained that "[i]f the 'appellant raises a new theory of CUE for the first time before the [Veterans] Court, the [Veterans] Court must dismiss for lack of jurisdiction.'" J.A. 4–5 (quoting *Acciola v. Peake*, 22 Vet. App. 320, 325 (2008)). Because Mr. Moffett had not previously raised this ground for CUE, the Veterans Court dismissed that ground because it did not have jurisdiction to consider it. J.A. 4–5 (quoting *Andre v. Principi*, 301 F.3d 1354, 1361 (Fed. Cir. 2002)).

The Veterans Court then turned to Mr. Moffett's other two CUE grounds. The court stated that, "as the Board found and Mr. Moffett d[id] not challenge[,] the evidence here is not 'undisputed.'" J.A. 6. This was enough to preclude a finding of CUE, the court explained, because CUE requires that "the alleged error must be 'undebatable,' not merely a 'disagreement as to how the facts were weighed or evaluated.'" J.A. 6 n.34 (quoting *Russell v. Principi*, 3 Vet. App. 310, 313–14 (1992)). Because the facts in Mr. Moffett's case were disputed, the court held that Mr. Moffett could not demonstrate CUE. The court thus affirmed the Board's decision as to Mr. Moffett's two CUE grounds over which the court had jurisdiction. Mr. Moffett appeals.

## DISCUSSION

This court's jurisdiction to review decisions by the Veterans Court is limited. Except for constitutional issues, we may not review any "challenge to a factual determination" or any "challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). Our review is limited to legal challenges regarding the "validity of any statute or regulation or any interpretation thereof . . ., and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." § 7292(c). We must affirm a Veterans Court decision unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1).

On appeal, Mr. Moffett again argues the same three grounds of CUE he presented to the Veterans Court: (1) that he was hospitalized for three weeks, indicating "extensive hospitalization" consistent with a moderately severe disability rating; (2) that he was discharged from service because of his injury, warranting a moderately severe disability rating; and (3) that records show the presence of metallic fragments as a result of his injury, warranting a severe disability rating. Appellant's Br. 4–5. In his Statement of the Issues section of his brief, Mr. Moffett frames a single issue, stating that "[t]he issue in this case is whether the examples" listed in the 1960 version of the schedule of disability ratings for muscle injuries "are deemed to be indicative of the degree of disability that should be assigned for gunshot wounds." *Id.* at 1.

We start with Mr. Moffett's argument that because he was hospitalized for three weeks following his injury, the VA should have assigned a moderately severe disability rating for his injury. For the Veterans Court to have

jurisdiction over a CUE claim, the veteran must present that claim to the RO, appeal an adverse RO decision to the Board, and appeal an adverse Board decision to the Veterans Court. *Andre*, 301 F.3d at 1361 ("[E]ach 'specific' assertion of CUE constitutes a claim that must be the subject of a decision by the [Board] before the Veterans Court can exercise jurisdiction over it."). In this case, as the Veterans Court explained, "the Board did not adjudicate this CUE theory, and the record does not reflect that Mr. Moffett raised th[is] theory to the Board." J.A. 5. We have deemed determinations about the scope of the CUE claim presented to be factual ones outside our jurisdiction. *See Garcia v. Wilkie*, 908 F.3d 728, 737 (Fed. Cir. 2018); *Kernea v. Shinseki*, 724 F.3d 1374, 1382 (Fed. Cir. 2013); *Comer v. Peake*, 552 F.3d 1362, 1372 (Fed. Cir. 2009). To the extent that Mr. Moffett is asserting that there is a legal error in the Veterans Court's determination that the hospitalization theory was a new, separate CUE claim that therefore had to be dismissed, he has supplied no argument showing a legal error, and we do not discern one. *See Acciola*, 22 Vet. App. at 325; *Andre*, 301 F.3d at 1363. We therefore affirm the Veterans Court's dismissal of this CUE claim.

We turn next to Mr. Moffett's remaining assertions of CUE. For his second CUE claim, Mr. Moffett argues he was discharged from service because of his injury, which he argues shows it was undebatable that his injury was more than his assigned rating of moderate. Appellant's Br. 7. For his third CUE claim, Mr. Moffett argues that x-rays showed the presence of metallic fragments from his injury, which he similarly argues shows that his injury was more than moderate. *Id.* at 8.

We lack appellate jurisdiction to consider these two CUE claims. The Board and the Veterans Court thoroughly considered both of these claims and found that Mr. Moffett had not shown an undebatable error—a requirement for him to demonstrate CUE. *See Russell*, 3 Vet. App. at 313–14 (to successfully demonstrate CUE, the

alleged error must be "undebatable," not merely "a disa-greement as to how the facts were weighed or evaluated"). The Veterans Court's conclusion is based on an application of the law regarding CUE to the facts of Mr. Moffett's case. As such, it is beyond our jurisdiction. § 7292(d)(2) (we cannot review "a challenge to a law or regulation as applied to the facts of a particular case"); *see also Conway v. Principi*, 353 F.3d 1369, 1372–73 (Fed. Cir. 2004). We therefore dismiss Mr. Moffett's appeal regarding his second and third CUE claims.

Finally, we address Mr. Moffett's "Statement of the Issue[]" as whether the examples listed in the applicable disability rating schedule "are deemed to be indicative of the degree of disability that should be assigned for gunshot wounds." Appellant's Br. 1. Mr. Moffett's brief in this court and in the Veterans Court, and the Veterans Court's decision, make clear that Mr. Moffett is not challenging the applicable rating schedule, but invoking it. And his "issue" simply presents the contention that a higher rating was legally required under that schedule *given* the facts he alleges are indisputable—regarding the basis for discharge from the service, the presence of metallic fragments, and the length of hospitalization. But the Veterans Court did not address, or need to address, that contention, because it rejected all three of the asserted premises of the contention in the present CUE adjudication—a rejection that we leave undisturbed. In these circumstances, Mr. Moffett does not and cannot explain how adoption of his legal contention would alter the Veterans Court's decision in his case. The Veterans Court's decision does not rest on either an express or implicit rejection of the legal contention Mr. Moffett advances, and so the contention is outside our jurisdiction. *See Forshey v. Principi*, 284 F.3d 1335, 1351 (Fed. Cir. 2002).

CONCLUSION

Accordingly, we affirm-in-part and dismiss-in-part the judgment of the Veterans Court.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

COSTS

No costs.