NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EUGENE W. JAROG,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1548

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-4229, Judge Joseph L. Toth.

---

Decided: April 3, 2024

---

EUGENE W. JAROG, Honolulu, HI, pro se.

MEREDYTH COHEN HAVASY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

---

Before LOURIE, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Eugene W. Jarog appeals from an order of the United States Court of Appeals for Veterans Claims ("the Veterans Court") dismissing his appeal from the Board of Veterans' Appeals ("the Board") as untimely. *Jarog v. McDonough*, No. 22-4229, 2022 WL 14770657 (Vet. App. Oct. 26, 2022) ("*Decision*"). For the reasons detailed below, we *dismiss* Jarog's appeal for lack of jurisdiction.

## BACKGROUND

Jarog served in the United States Marine Corps from May 1961 to March 1964. SAppx. 21.[1] In 2016, Jarog received rating decisions from the Department of Veterans Affairs ("VA") Regional Office ("RO") for post-traumatic stress disorder ("PTSD"), a left thumb injury, and an eye disorder. SAppx. 8. Jarog appealed those rating decisions to the Board, and after a remand, the Board issued its decision on June 22, 2020. SAppx. 7, 9. The Board held that Jarog had established a service connection for his PTSD and that Jarog's thumb injury met the criteria for the maximum schedular rating of 20 percent. SAppx. 8. However, the Board also determined that Jarog had not established service connection for his eye disorder. *Id.*

On July 12, 2022, Jarog filed a notice of appeal of that June 2020 Board decision to the Veterans Court, and the government subsequently moved to dismiss his appeal as untimely. *Decision* at *1. The Veterans Court held that Jarog's appeal was indeed untimely under 38 U.S.C. § 7266(a) and that it could therefore only be accepted if equitable tolling was warranted. *Id.* The court then determined that Jarog failed to sufficiently demonstrate a connection between an extraordinary circumstance and his

---

[1]    "SAppx." refers to the supplemental appendix that the government filed in this court with its informal response brief.

failure to timely file an appeal. *Id.* Accordingly, the Veterans Court held that equitable tolling should not be applied and dismissed Jarog's appeal. *Id.* at \*1–2. This appeal followed.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. We may review the validity of a decision with respect to a rule of law or interpretation of a statute or regulation that was relied upon by the Veterans Court in making its decision. 38 U.S.C. § 7292(a). However, except with respect to constitutional issues, we may not review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a case. 38 U.S.C. § 7292(d)(2).

In reviewing a Veterans Court decision, we decide "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). We may set aside any interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that we conclude is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." *Id.* We review questions of statutory and regulatory interpretation *de novo*. *Andre v. Principi*, 301 F.3d 1354, 1358 (Fed. Cir. 2002) (citing *Maggitt v. West*, 202 F.3d 1370, 1374 (Fed. Cir. 2000)).

In this appeal, Jarog primarily argues that the Board should have assigned an earlier effective date to the service connection for his PTSD. Jarog asserts that the Board should have assigned an effective date of April 1962 to that service connection, and he alleges that the Board instead improperly assigned it an effective date of December 2002. As such, he claims that the Board committed clear and

unmistakable error ("CUE"). Although the Board's decision is unclear regarding the effective date of the service connection for Jarog's PTSD, the exact date is irrelevant because its determination involves the application of law to the facts of Jarog's instant case. By statute, "the effective date of an award . . . shall be fixed in accordance with the facts found," 38 U.S.C. § 5110(a)(1), and that determination involves an examination of a veteran's service and medical records.

Jarog also raises contentions regarding possible injuries to his right leg and left ear. However, neither of those injuries was mentioned in the Board or Veterans Court decisions underlying this appeal. As such, a determination that Jarog possesses those injuries, and whether or not they may be compensable, would involve factual determinations and the application of law to those findings in the first instance.

Finally, Jarog argues that the Veterans Court's August 2022 Statement of the Case contained two instances of CUE: (1) a determination that Jarog is single with no dependents and (2) a determination that Jarog served during peacetime. Jarog contends that he does have dependent individuals, citing monetary contributions to a "sister family" and a charity. Furthermore, Jarog asserts that his period of active service did not occur during peacetime given the ongoing Cuban Missile Crisis. Appellant's Br. at 15. However, those are likewise arguments regarding factual determinations by the Veterans Court.

Furthermore, Jarog does not raise any constitutional issues involving those contentions and states in his brief that the Veterans Court did not decide any constitutional issues in its decision. Appellant's Br. at 2.

Each of Jarog's arguments on appeal therefore concerns factual determinations or the application of law to the facts of his case, in the absence of any constitutional

issues.  Accordingly, we do not possess jurisdiction to decide this appeal under 38 U.S.C. § 7292.

## CONCLUSION

We have considered Jarog's remaining arguments, but we find them unpersuasive.  For the foregoing reasons, we dismiss his appeal for lack of jurisdiction.

## **DISMISSED**

### COSTS

No costs.