NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TREVOR TAYLOR,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2024-1743

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-5059, Judge Michael P. Allen.

---

Decided: October 23, 2024

---

TREVOR TAYLOR, Ann Arbor, MI, pro se.

RAVI DHANANJAYEN SOOPRAMANIEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, HUGHES and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Appellant Trevor Taylor appeals a decision from the United States Court of Appeals for Veterans Claims. Mr. Taylor seeks service connection for a right hip disability and a right testicular disability. Because Mr. Taylor raises only factual issues that we cannot review, we dismiss this appeal for lack of jurisdiction.

I

Mr. Taylor served in the United States Army from June 1986 to June 1990 and from January to March 1991. In 2021, Mr. Taylor sought service connection for a right hip condition and a right testicular condition. A Regional Office of the Department of Veterans Affairs (VA) issued a rating decision denying his claim because the record did not show that either condition occurred during or was caused by Mr. Taylor's service. SAppx. 142–51.[1] The VA continued to uphold its original determination in later requests for review, even in light of additional evidence submitted by Mr. Taylor.

Mr. Taylor appealed to the Board of Veterans' Appeals (Board). The Board concluded that remand was necessary because the VA had committed "pre-decisional duty to assist error[s] . . . in failing to obtain a medical opinion as to whether [Mr. Taylor's] service-connected . . . disabilities caused or aggravated his current right hip disability" and in failing to afford Mr. Taylor a VA examination for his right testicle claim. SAppx. 103–04. The VA obtained an examination on remand and subsequently issued a decision

---

[1]    "SAppx." refers to the supplemental appendix filed by Appellee, Secretary of Veterans Affairs. *See* ECF No. 12.

confirming the denial of service connection for both disabilities.

Mr. Taylor again appealed to the Board. On review, the Board remanded the decision again, concluding, among other things, that the examiner's report did not include a direct service connection opinion for Mr. Taylor's hip condition. SAppx. 49. With respect to direct service connection for the testicular condition, the Board found error because the opinion was based on a lack of documented treatment. SAppx. 51 ("The Board may not reject as not credible any uncorroborated statements merely because the contemporaneous medical evidence is silent as to complaints or treatment for the relevant condition or symptoms."). On remand, the VA scheduled additional examinations, but Mr. Taylor cancelled both appointments. The VA then issued another decision denying Mr. Taylor's claims because there was insufficient medical evidence in the record without the additional examinations. Mr. Taylor filed another Board appeal and indicated he "[was] not interested in more exams." SAppx. 25.

On review for the third time, the Board denied service connections for both the right hip disability and the right testicular disability. 38 C.F.R. § 3.655 requires the claim be rated based on only record evidence if the claimant fails to report for a scheduled examination absent good cause. The Board found Mr. Taylor lacked good cause for cancelling his appointments. SAppx. 18. Regarding the hip condition, the Board concluded the only relevant evidence of record was Mr. Taylor's lay statements, and these were insufficient to form the required causal link to establish service connection. Regarding the testicular condition, the Board concluded the record evidence "[did] not include a positive etiological opinion with an adequate rationale addressing direct and secondary . . . theories of service connection." SAppx. 22.

Mr. Taylor appealed to the United States Court of Appeals for Veterans Claims (Veterans Court). The Veterans Court affirmed the Board's decision, holding that Mr. Taylor "failed to demonstrate that the Board clearly erred or provided inadequate reasons or bases for its decision denying service connection" for Mr. Taylor's disabilities. SAppx. 5. The Veterans Court disagreed with Mr. Taylor's argument that the Board failed to consider whether his hip and testicular disabilities were secondary to his current service-connected disabilities, because the Board "clearly acknowledged" many pieces of evidence Mr. Taylor pointed to, and Mr. Taylor was unable to demonstrate prejudicial error as to any pieces of evidence he alleges were overlooked. SAppx. 8. Further, the Veterans Court found Mr. Taylor's arguments that the opinions of private treating physicians carry greater weight than those of a VA examiner unpersuasive because the Veterans Court has previously expressly rejected that rule. Finally, as to Mr. Taylor's argument that the Board should have resolved interpretive doubt in his favor, the Veterans Court concluded that Mr. Taylor had not provided an explanation of what had been misinterpreted against him.

Mr. Taylor timely appeals the Veterans Court's decision affirming the Board's denial of service connection for his right hip and right testicular conditions.

## II

We have jurisdiction to review a Veterans Court decision "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a); *Andre v. Principi*, 301 F.3d 1354, 1357–58 (Fed. Cir. 2002). We "have exclusive jurisdiction . . . to interpret constitutional and statutory provisions, to the extent

presented and necessary to a decision." 38 U.S.C. § 7292(c). "Except to the extent that an appeal under this chapter presents a constitutional issue, [we] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

## III

On appeal, Mr. Taylor identifies seven alleged errors for review by this court: (i) the loss or deletion of pro se motions and notices filed in proceedings below, (ii) alleged erroneous actions by the Clerk of the Veterans Court resulting in deletions and false entries to the record, (iii) inappropriate co-mingling between VA lawyers and Veterans Court judges, (iv) disagreements with the Veterans Court decision, (v) the Veterans Court's disregard for elements of Mr. Taylor's informal brief, (vi) lack of appropriate oversight mechanisms of the VA by the Veterans Court, and (vii) undue influence by VA counsel over the Veterans Court. In addition to his informal brief, Mr. Taylor also submitted four additional letters that repeat his argument that there was misconduct at the VA and the Veterans Court and allege that VA counsel "doxxed" Mr. Taylor by posting his documents to the docket. *See* ECF Nos. 35–38. Mr. Taylor characterizes these errors as both legal and constitutional.

As an initial matter, although Mr. Taylor seems to reference a separation of powers argument, *see* Appellant's Informal Br. at 7–8, we do not identify any such constitutional violation in Mr. Taylor's allegations. Further, although some of Mr. Taylor's arguments about inappropriate influence by the VA counsel and the like could potentially implicate constitutional concerns, we see no specific allegations that would sufficiently raise the issue. Likewise, the Veterans Court also did not address or invoke any constitutional rights in its decision. Labeling arguments as constitutional does not automatically confer

jurisdiction. *See Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007) (explaining that a veteran's mere characterization of an issue as constitutional in nature is insufficient to establish appellate jurisdiction in this court); *Helfer v. West,* 174 F.3d 1332, 1335 (Fed. Cir. 1999) (emphasizing that "[t]o the extent that [a veteran] has simply put a 'due process' label on his contention that he should have prevailed . . . his claim is constitutional in name only").

The remainder of Mr. Taylor's arguments on appeal amount to a factual disagreement with the outcome of his case. In discussing his allegations of misconduct by the VA, Mr. Taylor supports his claim by stating that the medical evidence of record does support the appropriate link between his disabilities and his service, and that it was misconduct for the Veterans Court to conclude otherwise. Mr. Taylor also argues that his records were misread, and the Veterans Court failed to properly consider the record evidence. We are not permitted to reassess Mr. Taylor's records as he requests. *See* 38 U.S.C. § 7292(d)(2). Therefore, we lack jurisdiction to consider Mr. Taylor's appeal.

IV

We have considered Mr. Taylor's remaining arguments and find them unpersuasive. For the reasons stated above, we dismiss the appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.